UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

OSIRIS MOSLEY, DARIUS HENRY, BORN
POLEDORE, DARIUS McCOLLUM and
JERROLD DUBOSE on behalf of them-
selves and all others similarly
situated,

               Plaintiffs,

-against-

MAXSOLAINE MINGO, Acting Warden of
the Anna M. Kross Center; JOSEPH
PONTE, Commissioner of the New
York City Department of Correction,
(sued in their individual and
official capacities), CITY OF NEW
YORK,

               Defendants.
------------------------------------X

42 U.S.C. Section
1983 Complaint

Civil Action No. _____

Jury Trial Demanded

**16CV0595**

## I. PRELIMINARY STATEMENT

The plaintiffs, Osiris Mosley, Darius Henry, Born Poledore, Darius McCollum and Jerrold Dubose, bring this action against all defendants pursuant to 42 U.S.C. Section 1983 and 1988 to redress the deprivation under color of law of plaintiffs' rights, privileges and immunities secured by the Constitution of the United States as well as the deprivation of the rights of a class of pretrial detainees. Plaintiffs seek money damages to redress and remedy the deprivations of their constitutional rights, as well as the deprivations of the constitutional rights of other pretrial detainees. Plaintiffs pray also for injunctive and declaratory relief against the totality of conditions and practices of the Anna Marie Kross Center jail facility as violative of the federal constitutional guarantees

and rights of plaintiffs, and all pretrial detainees who have, or will be subjected to the totality of conditions and practices of the Anna Marie Kross Center jail facility. In addition, plaintiffs invoke the pendent jurisdiction of this Court over related, ancillary, and pendent state law claims. Finally plaintiffs seek an award of attorney's fee and costs pursuant to 42 U.S.C. Section 1988.

## II. JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. Section 1983 and 1988 to redress the deprivation of past and present violations of the eight and fourteenth amendments to the Constitution of the United States.

2. The jurisdiction of the Court is founded upon 28 U.S.C Section 1343(3) and (4).

3. This Court is authorized to render declaratory relief pursuant to 28 U.S.C. Sections 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

4. This Court is authorized to render and provide injunctive relief pursuant to 28 U.S.C. Sectoin 2283.

5. This Court has jurisdiction ovefr the plaintiffs state law claims under the doctrine of pendent jurisdiction.

6. All of the actions, ommissions and events complained of herein took or take place in the County of Bronx, State Of New York, and within the venue of this Court.

7. The amount in controversy exclusive of interest and costs exceeds the summ of $10,000.00.

## III. PARTIES

8. Plaintiff Osiris Mosley is a citizen of the United Statets, and a resident of the County of Kings, State of New York. He sues in his own behalf and on behalf of a class of pre-trial detainees who have been subjected to and injured by the totality of conditions and practices of the Anna Marie Kross Center jail facility, which are violative of the constitutional rights of plaintiffs, as well as other pretrial detainees.

9. Plaintiff Darius Henry is a citizen of the United States, and a resident of the County of Richmond, Commonwealth of Virginia. He sues in his own behalf and on behalf of a class of pretrial detainees who have been subjected to and injured by the totality of conditions and practices of the Anna Marie Kross Center jail facility, which are violative of the constitutional rights of plaintiffs, as well as other pretrial detainees.

10. Plaintiff Born Poledore is a citizen of the United States, and a resident of the County of Kings, State of New York, He sues in his own behalf and on behalf of a class of pretrial detainees who have been subjected to and injured or who are and/or will be subjected to and injured by the totality of conditions and practices of the Anna Marie Kross Center jail facility, which are violative of the constitutional rights of plaintiffs, as well as other pretrial detainees.

11. Plaintiff Darius McCollum is a citizen of the United States, and a resident of the State of New York. He sues in his own behalf and on behalf of a class of pretrial detainees who have been subjected to and injured or who are and/or will be

subjected to and injured by the totality of conditions and practices of the Anna Marie Kross Center jail facility, which are violative of the constitutional rights of plaintiffs, as well as other pretrial detaineesx.

12. Plaintiff Jerrold Dubose is a citizen of the United States, and a resident of the State of New York. He sues in his own behalf and on behalf of a class of pretrial detainees who have been subjected to and injured or who are and/or will be subjected to and injured by the totality of conditions and practices of the Anna Marie Kross Center jail facility, which are violative of the constitutional rights of plaintiffs, as well as other pretrial detainees.

13., Defendant City of New York is a body politic and corporate, duly organized and existing under the laws of the State of New York, and pursuant to law is capable of being sued in this Court. Defendant City of New York is responsible for policies, practices and customs of the New York City Department of Correction, as well as the training, supervision, control and discipline of its officers and staff; City of New York is and was the employer of the corrections personnel named herein as individual defendangts. Defendant City of New York is also responsible for the operation, practices, and totality of conditions of its jail facilities.

14. Defendant Joseph Ponte is and was the Commissioner of the New York City Department of Correction, and in that capacity, is and was responsible for establishing or failing to establish the policies, practices and regulations for the

conduct of the New York City Department of Correction and its employees. Defendant Joseph Ponte is and was responsible for the hiring, trainining, supervision, discipline, and control of all members of the New York City Department of Correction. Defendant Joseph Ponte, Commissioner is and was constitutionally and statutorily responsible also for the operation, practices, and totality of conditions of the Anna Marie Kross Center jail facility. Defendant Joseph Ponte, Commissioner at all times herein, was acting in such capacity as the agent, servant, and employee of the City of New York. He is sued individually and in his official capacity.

15. Defendant Maxsolaine Mingo is and was the Chief Jailor and Acting Warden of the Anna Marie Kross Center, and in that capacity is and was constitutionally and statutorily responsible also for the training, supervision, discipline, and control of all Deputy Jailors, as well as the operation, practices, and totality of conditions of the Anna Marie Kross Center jail facility. Defendant Acting Warden Maxsolaine Mingo has statutory responsibility also for ensuring that the Anna Marie Kross Center jail facility conforms to the requirements of city, state and federal law, and the laws and Constitution of the United States. In addition, defendant Acting Warden Maxsolaine Mingo is and was responsible for the establishment of policies, procedures, and guideline for the jailing and safekeeping of pretrial detainees housed in the Anna Marie Kross Center jail facility. Defendant Acting Warden Maxsolaine Mingo, at all times

herein, was acting in such capacity as the agent, servant and employee of the City of New York. She is sued individually and in her official capacity.

16. At all times relevant hereto and in all of their actions described herein, each defendant is and was acting under color of law, state authority, statue, custom, or usage, and pursuant to official authority.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff Osiris Mosley

17. On November 15, 2015 the plaintiff Osiris Mosley arrived at the Anna Marie Kross Center on or about 2:00 A.M., as a pre-trial detainee and for processing and housing. The plaintiff Osiris Mosley was not housed until November 19, 2015 and throughout this time was denied prompt medical treatment and was subjected to dehumanizing living conditions. Condition which are more adapt to third world country prison and jail life.

18. On November 16, 2015 the plaintiff was transported to court from the Anna Marie Kross Center, despite twenty four hours already being elapsed since the plaintiff had not received medical attention upon entering the Anna Marie Kross Center. The medical attention was ordered by a Judge of the Kings County Criminal Court at the plaintiff's arraignment on November 14, 2015. The plaintiff also was not processed and admitted to a housing area, but instead was not given soap, toothpaste, toothbrush, or an mattress to sleep on and instead had to sleep on the bare concrete floor of cell number 4, which was ovefcrowded with other inmates who also slept on the floor. There was literally no room

to walk inside of the cell and the floors were filthy and roaches crawled everywhere and the toilet overflowed vomit, feces, and urine because the toilet was over worked by the volume of inmates in the cell. The Plaintiff was not allowed to shower or bathe and was forced to eat his meals sitting on the floor because cell number 4 has no benches and was severly overcrowded. The toilet inside the cell also has no partition and the plaintiff had to use the toilet while other inmates were in view of his private parts.

19. On Novembetr 16, 2015 the plaintiff was taken to Kings County court about 11:30 A.M., and returned to the Anna Marie Kross Center facility about 7:45 P.M., and was sent back into the holding cells. Throughout this night the plaintiff was held in another cell in which he was not afforded a shower, soap, toothpaste, toothbrush, bedding material, or an mattress and was forced to sleep on the bare concrete floor. Later this night the plaintiff was taken to the facility medical clinic for screening and was held in the clinic holding pens. The plaintiff had to sleep on the concrete floor of these holding pens also and was not given bedding materials or a mattress to sleep on.

20. On November 17, 2015 the plaintiff was removed from the clinic holding pens and transferred to the C-71 Intake holding pens where he stayed until 3:30 P.M., and then transported to Kings County court. The plaintiff returned to the Anna Marie Ktoss Center about 7:15 P.M. . When the plaintiff returned he was sent to the Main Intake holding pens where he stayed

until later that night when he was taken back to the medical clinic. During the medical processing the plaintiff was not treated for his arrest injuries despite the staff having been informed of the injuries by the plaintiff, the court and the hospital discharge papers which were transmitted to the New York City Department of Correction. The plaintiff was not given any medications despite being in severe pain.

21. On November 18, 2015 the plaintiff was still inside of the facilities filthy, overcrowded holding pens without being afforded basic hygenic necessities, a shower or an adequate place to sleep in days.

22. On November 19, 2015 after spending four and a half days living in filthy dehumanizing conditions was the plaintiff housed and given a bed mattress, sheets, towel, soap, toothpaste, toothbrush and a cup.

23. The plaintiff then contacted Prisoners Rights Project of the Legal Aid Society and staff attorney Mr. Dale A. Wilker submitted a complaint to the Commissioner's Office(see attached emails regarding this issue).

24. The plaintiff also filed a formal grievance with the Anna Marie Kross Center Inmate Grievance Resolution Committee but did not receive any and/or timely responses and appealed to the final grievance Step.

25. The plaintiff was told by other inmates upon arrival at the Anna Marie Kross Center, who were being held in the holding pens for new admissions and housing that they were in the holding cells under these same conditions for 3 to 5 days

also. These actions by the defendants have since continued and has and is continuing to affect other pretrial detainees and inmates.

### B. Plaintiff Darius Henry

26. On Friday, November 20, 2015 at approximately 11:00 o'clock in the morning, plaintiff Darius Henry was transferred from Kirby Psychiatric Center to the Anna Marie Kross Center located on Riker's Island. During his time of transfer plaintiff Darius Henry was subjected to inhumane living conditions, by being placed in a disgusting bullpen at the Anna Marie Kross Center. Plaintiff Darius Henry's physical conditions were too severe for him to be held in that unbearable concrete block that's called a cell.

27. From Novembefr 20, 2015 to November 23, 2015 plaintiff Darius Henry was subjected to sleeping on a bare cold, wet, roach infested, dirty concrete floor with no mattress. He had physical injuries to left elbow which was broken with a fresh wound and a metal brace. Also he had a hard cast on his right wrist.

28. While plaintiff was housed in bullpen number 5 there was numerous defects while in there. As stated before plaointiff sleeping arrangements was a concrete floor.

29. Plaintiff was'nt able to shower nor brush his teeth. His hygiene was unkept. Also during the plaintiff stay M he was subjected to clogged toilets and sinks. They were inoperable with human feces smeared on the wallss and around the toilet seat.

On top of it everything in the bullpen number 5 on November 20, 2015, it was overcrowded with at least 25-30 inmates, all who were new admissions, going through detox mostly. There was no room to seat all 25-30 inmates.

30. During the time plaintiff was in the bullpen (cell) he was in excruciating pain due to his injuies. There was'nt any pain medication afforded to him while in the cell. Another important matter about the plaintiff is that he could not deficate, leaving him vulnerable to future health problems due to backed up intestines. Being housed under these conditions plaintiff was prone to infections and diseases, because plaintiff had to eat his meals in these sickly diseaed conditions.

31. Now on Saturday, November 21, 2015 plaintiff continued to endure these cruel and unusual living conditions. At approximately 5:00 P.M. plaintiff was takem to see medical for blood work and to see the psychologist. By the time plaintiff seen a doctor it was 9:30 P.M. and was put in for transfer to the George Motchan Detention Center, another facility on Riker's Island. Plaintiff then returned to the bullpens where another night he had to sleep on the cold concrete floor, back in pain until Sunday, November 22, 2015 after court calls.

32. Plaintiff was transferred to the George Motchan Detention Center but was rejected and brought back to Anna Marie Kross Center an hour later. Back to the cold, infested bullpens on Monday, November 23, 2015 at approximately 5:00 P.M. plaintiff

was once again transferred back to the George Motchan Detention Center and again the George Motchan Detention Center sent plaintiff back to Anna Marie Kross Center. Plaintiff arrived to Anna Marie Kross Center around 7;30 P.M. on November 23, 2015 and refused to reenter the inhumane bullpens, so he was housed in 11 Mod A-side.

### C!. Plaintiff Born Poledore

33. On or about the 13th day of November, 2015 the plaintiff was arraigned in New York County Criminal Court. the judge ordered that the plaintiff receive medical treatment.

34. On November 13, 2015 the plaintiff was admitted to the Anna Marie Kross Center for processing and housing. From November 13, 2015 until Novembder 18, 2015 the plaintiff was never given a bed, shower, hygiene supplies, medications or a mattress.

35. The plaintiff Born Poledore was forced to sleep on the bare concrete floors in numerous holding pens with clogged toilets, sinks that did'nt properly work; and that were also overcrowded with inmates.

36. Due to the conditions the plaintiff developed ailments in his hips, back and arms. The plaintiff also got a rash from lack of shower and proper hygiene equipment.

### D. Plaintiff Darius McCollum

37. On the date of November 13, 2015, the plaintiff Darius McCollum was admitted to the Anna Marie Kross Center, and was kept in the receiving room/intake area until November 15, 2015.

38. During this time the plaintiff developed soarness from lying on the floor and suffered soft tissue injury in his shoulders, hips, ribs and knees.

39. In addition to the suffering of mental anguish, pain and suffering because of the conditions that the plaintiff had to go through during this unfortuante event.

40. Over forty-eight hours had elapsed before the plaintiff was moved to an established housing unit.

E. Plaintiff Jerrold Dubose

41. Plaintiff Jerrold Dubose is scribing this missive to address an ongoing constitutional violation occuring at the Anna Marie Kross Center involving detaines spending numerous days and nights in intake.

42. On or about September 28, 2015 until October 2, 2015 the plaintiff was confined to a holding cell, sleeping on a hard cold floor with no blanket or mattress. Twenty souls crammed into a single cell with one sink and a stopped up toilet. I was biten by bed bugs on my neck, shoulders and chest area. I also was served cold food.

43. A mentall ill/bi-polar detainee who went x four days without medication. There was no shower, soap, or toothpaste. The plaintiff felt like a refugee living in a third world country.

44. The plaintiff was held under these cruel and inhumane conditions despite defendants knowledge that such conditions were violative of federal and state laws and the state and fedaral constitutional rights of the plaintiff and others.

## V. CAUSES OF ACTION

42 U.S.C. Section 1983:

45. Defendant City of New York violated the named plaintiff's rights and others similarly situated by facilitating a policy and custom of failing to promptly and adequately house new admission and transfer inmates at the Anna Marie Kross Center and in doing so subjected and continues to subject others to inhumane condition of confinement in various holding cells and non-housing areas in the Anna Marie Kross Center. Defendant City of New York by its agency the New York City Department of Correction, the operator of the Anna Marie Kross Center violated and continues to violate the named plaintiffs and others similarly situated rights guaranteed under the Eight and Fourteenth Amendments tox the United States Constitution.

46. Defendant Maxsolaine Mingo and Joseph Ponte violated the named plaintiffs rights and others similarly situated by being grossly negligent in supervising subordinates at the Anna Marie Kross Center where unconstitutional conditions of confinement were inflicted upon the plaintiffs and others similarly situated. These unconstitutional practices were detaining the plaintiffs and others similarly situated in filthy holding pens and non-housing areas upon admissions to the Anna Marie Kross Center for days at a time without bedding materials, soap, toothpaste, toothbrushes, showers or medications prescribed. Also, in forcing them to sleep on concrete cell floors. Defendants Maxsolaine Mingo and Joseph

Ponte also after being informed of the violations through reports, failed to remedy the wrong. (See attached Email Communications between Neww York City Department of Correction and The Legal Aid Society, Prisoners Rights Project). Defendants actions violated the plaintiffs and others similarly situated rights under the Eight and Fourteenth Amendments to the United States Constitution.

Pendent State Law Causes of Action

47. Defendant City of New York is vicariously liable for negligence in not providing Plaintiff's Osiris Mosley and Darius Henry with pain medications for their serious medical conditions until days after their arrival into the New York City Department of Correction custody.

48. Defendant City of New York is also vicariously liable for negligence in failing to provide immediate medical treatment for plaintiff Darius Henry upon his arrival into the New York City Department of Correction custody from Kirby Hospital, despite his recent surgery on his arm and having a open wound.

VI. INJURIES

49. Plaintiff's injuries includes but are not limited to soft tissue pain in the neck, head, hips, ribs, legs and back from sleeping on the bare concrete floors, insect bites from bugs in the holding cells, violation of constitutional rights and emotional distress from the totality of the inhumane conditions in the holding cells and non-housing areas.

50. Plaintiff's Osiris Mosley and Darius Henry suffered severe pain by not being given their prescribed or unprescribed

medications.

WHEREFORE, the plaintiff's prays that this Court:

a. Declare that each of the defendants, individually and collectively, subjected the plaintiff's and those similarly situated to conditions and engaged in conduct which caused plaintiff's to be subjected to unconstitutional practices at the Anna Marie Kross Center.

b. Permanently enjoin the practice of the Anna Marie Kross Center and its officials and employees from continuing to kep new admission arrivals in holding cells and non-housing areas for days undeer the comstitutional conditions described herein.

c. Award to the plaintiff's $25,000,000., in compensatory damages for the deprivation of one or more constitutional rights and for their other injuries sustained.

d. Award to plaintiff's Osiris Mosley and Darius Henry damages for the state law claims.

e. Grant such other relief as law and equity allows, including costs and reasonable attorney's fees pursuant to 42 U.S.C. Section 1988.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: East Elmhurst, New York
       January 8, 2016

By: *Osiris Mosley*
Osiris Mosley, 895-15-01897
A.M.K.C.
18-18 Hazen Street
East Elmhurst, New York 11370

By: *D. Henry*
Darius Henry, 895-15-01944
A.M.K.C.
18-18 Hazen Street
East Elmhurst, New Yoek 11370

By: _____
Born Poledore, 349-15-12962
A.M.K.C.
18-18 Hazen Street
East Elmhurst, New York 11370

By: _____
Darius McCollum, 141-15-10921
A.M.K.C.
18-18 Hazen Street
East Elmhurst, New York 11370

By; _____
Jarrold Dubose, 895-15-01604
A.M.K.C.
18-18 Hazen Street
East Elmhurst, New York 11370

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and contains privileged and/or confidential information contained in this email is intended only for use of the entity named above. If the reader of this message is not the intended recipient, then please destroy the email after advising by reply that you erroneously received this communication and that it has been destroyed and permanently deleted from all of your email servers and work stations. The receipt by anyone other than the intended recipient does not waive the attorney-client privilege; neither will it constitute a waiver of the work-product doctrine. Please take note that: (1) e mail communication is not a secure method of communication; (2) any e mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communications may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which email is passed.

**From:** Wilker, Dale
**Sent:** Monday, November 23, 2015 4:31 PM
**To:** 'CONSTITUENT SERVICES'
**Cc:** 'joseph.ponte@doc.nyc.gov'; Homer Venters (hventer1@nychhc.org); Jay Cowan (Jay.Cowan@Corizonnyc.com); Dr. Luis Cintron; Roderick Williams (Roderick.Williams@doc.nyc.gov); Dr. R. Macdonald; Patricia Morgese (pmorgese@nychhc.org); Athanasias Toumanidis ; 'CONSTITUENT SERVICES'; Heidi Grossman, Esq; Laura Mello, Esq; Nadene Pinnock, Esq; Chai Park; Felix Martinez (fmartinez@boc.nyc.gov); Martha King; Tonya (BOC) Glover
**Subject:** EXCESSIVE CONFINEMENT IN HOLDING CELL: Osiris Mosely 895-15-01897 AMKC



The Prisoners' Rights Project has been contacted by Mr. Mosely who reports that he was confined by DOC staff to a holding cell for four days between November 15 and November 19. You will recognize this as just the latest in a series of many complaints that we have received this year about new admission and transfer housing delays.

He says that he was crammed into one holding cell with 40 other inmates and one toilet, which became clogged with feces and overflowed. He says that he had to sleep on the floor from the crowding. He says that some of the holding cells do not even have benches, such has cell #4.

He thinks that the reason for the long delay in properly housing him is the lack of medical staff to handle the high volume of new admission medical screening exams.

If true, the failure to house Mr. Mosely within 12 hours of initiating a transfer violates both Department rules and the rulings of the federal court in the Benjamin litigation.

Would you please have DOC Central Office staff investigate this allegation as soon as possible?

Thank you for your attention to this matter. Would you please let us know the Department's findings and any actions taken to resolve this complaint.

*Dale A. Wilker*

Staff Attorney
The Legal Aid Society
Prisoners' Rights Project
199 Water Street, Room 3059

2

New York, New York 10038
tel: 212-577-3530 ext. 3943
fax: 212-509-8433
email: dwilker@legal-aid.org

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. The information contained in this email is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, then please destroy the email after advising by reply that you erroneously received this communication and that it has been destroyed and permanently deleted from all of your email servers and work stations. The receipt by anyone other than the intended recipient does not waive the attorney-client privilege; neither will it constitute a waiver of the work-product doctrine. Please take note that: (1) e mail communication is not a secure method of communication; (2) any e mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communications may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which email is passed.

Wilker, Dale

| | |
|---|---|
| **From:** | Wilker, Dale |
| **Sent:** | Tuesday, November 24, 2015 5:14 PM |
| **To:** | 'joseph.ponte@doc.nyc.gov' |
| **Cc:** | 'CONSTITUENT SERVICES'; Homer Venters (hventer1@nychhc.org); Jay Cowan (Jay.Cowan@Corizonnyc.com); Dr. Luis Cintron; Roderick Williams (Roderick.Williams@doc.nyc.gov); Dr. R. Macdonald; Patricia Morgese (pmorgese@nychhc.org); Athanasias Toumanidis ; 'CONSTITUENT SERVICES'; Heidi Grossman, Esq; Laura Mello, Esq; Nadene Pinnock, Esq; Chai Park; Felix Martinez (fmartinez@boc.nyc.gov); Martha King; Tonya (BOC) Glover |
| **Subject:** | SIX DAYS OF EXCESSIVE CONFINEMENT IN HOLDING CELL: Born Poledore 349-15-12962 AMKC |



Dear Commissioner Ponte:

Confirming Mr. Mosely's report yesterday, The Prisoners' Rights Project has received yet another complaint, this one from Mr. Poledore, who reports that as a new admission inmate he was confined by AMKC staff to a holding cell for six days between November 13 and November 18.

Mr. Poledore says that conditions in the holding cell were "wretched." He says that he was denied medication during the six days he was kept in the receiving room.

If true, the failure to house Mr. Poledore within 24 hours of being arraigned in court violates both Department rules and the rulings of the federal court in the Benjamin litigation.

Would you please have DOC Central Office staff investigate this allegation as soon as possible?

Thank you for your attention to this matter. Despite the Department's previous failures to respond to our similar reports on this subject, would you please let us know the Department's findings and any actions taken to stop this degrading treatment of its inmates, including any measures to re-educate and discipline staff?

*Dale A. Wilker*

Staff Attorney
The Legal Aid Society
Prisoners' Rights Project
199 Water Street, Room 3059
New York, New York 10038
tel: 212-577-3530 ext. 3943
fax: 212-509-8433
email: dwilker@legal-aid.org

Siris Mosley, 895-15-01897
A.M.K.C.
18-18 Hazen Street
East Elmhurst, New York 11370

USMS
SDNY

2016 JAN 26

Pro Se Intake Unit
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007